UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

BRANDON HARRINGTON,

    Plaintiff,

v.                             406CV285

UNITED STATES OF AMERICA,

    Defendant.

------------------------------------------------

ALLSTATE INSURANCE COMPANY,

    Plaintiff,

v.                               407CV044

UNITED STATES OF AMERICA,

    Defendant.

------------------------------------------------

BARBARA WILSON, Individually and
as Natural Parent and Next Friend of
DEAKON LUCAS WILSON-HARRINGTON,
a Minor,

    Plaintiff,

v.                               407CV115

UNITED STATES OF AMERICA,

    Defendant.

## ORDER

## I. INTRODUCTION

Currently before the Court are three consolidated,[1] negligence-based FTCA[2] cases against the United States. The Government moves under 28 U.S.C. § 1404(a)[3] to transfer them to Maine on convenient-forum grounds. 406CV285 doc. # 28. Plaintiff Barbara Wilson and her son (*Wilson v. U.S.*, 407CV115) oppose. 406CV285 doc. # 30. Plaintiffs Brandon Harrington and Allstate Insurance Company do not. S.D.GA.LOC.R. 7.5 ("Failure to respond shall indicate that there is no opposition to a motion").

## II. BACKGROUND

### A. *Harrington*, 406CV285

Harrington alleges that in 4/03 he suffered injuries from an automobile accident that occurred in Georgia. *Harrington v. U.S.*, 406CV285 doc. # 1 ¶¶ 4-6. It was, he insists, negligently caused by "Douglas Allen Kopp, an employee of Defendant United States of America acting within the scope of his employment." *Id.* ¶ 4; *see also id.* ¶ 10 (Krop "was negligent in the operation of this vehicle when he failed to observe Plaintiff's vehicle and struck Plaintiff's vehicle which was traveling in a lawful manner in the left northbound lane on Interstate 95").

The United States denies liability. Doc. # 6.

---

[1] *See* 406CV285 doc. # 18 (Order consolidating case # 407CV044 into case # 406CV285); # 25 (Order consolidating case # 407CV115 into case # 406CV285).

[2] The Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 *et seq.*

[3] 28 U.S.C. § 1404(a) provides:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

*Id.*

It initially counterclaimed against Harrington for vehicle damage, doc. # 6, but later dropped that. Doc. # 12. "Defendant contends that while driving in the left-hand lane of two lanes traveling in the same direction, Plaintiff negligently and abruptly crossed the line between the right and left lanes, such that [Kopp] was unable to slow his vehicle in time to avoid a collision. [Kopp] properly applied his brakes, causing his vehicle to skid, and a collision occurred. Defendant asserts that [Harrington] was not injured, and that he failed to mitigate his damages, if any." Doc. # 11 at 3-4.

### B. *Allstate*, 407CV044

Allstate Insurance Company insured the vehicle that Harrington drove. *Allstate Insurance Company v. U.S.*, 407CV044 doc. # 1 at 2-3. Allstate brought a negligence-based FTCA case against the United States to recover what it paid for the vehicle's damage. *Id.*

### C. *Wilson*, 407CV115

Plaintiff Barbara Wilson and her minor child were passengers in Harrington's car when the accident occurred. *Wilson v. U.S.*, 407CV115 doc. # 1 at 3. She alleges that "[a]s a direct and proximate result of [Kopp's] negligent acts and/or omissions, [Wilson] and her minor child have sustained physical and mental pain and suffering for which they are entitled to recover." *Id.* at 4. They likewise bring a negligence-based FTCA case against the United States. Doc. # 1.

### III. ANALYSIS

"Because it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper." *Sheppard v. U.S.*, 2007 WL 1098711 at * 2 (D.D.C. 4/12/07) (unpublished). Here there is no dispute that the plaintiffs have satisfied that burden; the Government does not challenge venue as improper, *see* 28 U.S.C. § 1406, which is otherwise a waivable defense. *Wilson v. U.S.*, 2006 WL 3431895 at * 2 n. 6 (E.D.Ark. 11/28/06) (unpublished).

Both plaintiffs and defendants may invoke § 1404, *Dulaney v. U.S.*, 472 F.Supp.2d 1085, 1086 (S.D.Ill. 2006), and the burden of meeting § 1404(a)'s requirements is on the moving party. *Anthony Sterling, M.D. v. Provident Life and Acc. Ins. Co.*, 519 F.Supp.2d 1195, 1206 (M.D.Fla. 2007). A district court may § 1404(a)-transfer "any case to any other district where the case originally may have been brought." *Tritak v. Metropolitan Cas. Ins. Co.*, 2008 WL 312675 at * 3 (M.D.Fla. 2/4/08) (unpublished). No one disputes that this case originally could have been brought in Maine.[4]

> The purpose of § 1404(a) is to prevent waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). The court must balance the preference given to the plaintiff's choice of forum with the burden of litigating in an inconvenient forum.

*Matlock v. U.S.*, 2007 WL 4287601 at * 2 (D.Or. 12/4/07) (unpublished).

---

[4] "For FTCA actions, venue is proper only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred. 28 U.S.C. § 1402(b)." *Hensley v. U.S. Drug Enforcement Admin.*, 2008 WL 410695 at * 2 (2/12/08) (unpublished). Here there is no dispute that Harrington and Wilson reside in Maine, doc. # 30 at 4-5, though Allstate says only that it "is a company in the business of providing automobile and other insurance" and that it does business in Georgia. *Allstate*, 407CV044 doc. # 1 ¶ 1.

Hence, the moving party here -- the United States -- must show that the balance of convenience strongly favors the transfer of this case to Maine. *Anthony,* 519 F.Supp.2d at 1206. Because the plaintiffs chose Georgia for venue, the Government must now show that transferring this case to Maine would be clearly more convenient for the parties and witnesses, and would be in the interest of justice. *Bascom v. Maxim Integrated Products, Inc.*, 534 F.Supp.2d 700, 702 (W.D.Tex. 2008). If Maine is no more convenient than Georgia, then the plaintiffs' choice should not be disturbed. *Id.*

In a footnote the Eleventh Circuit enumerated these § 1404(a) factors for courts to consider:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n. 1 (11th Cir. 2005). Addressing venue more directly, other courts have broken these criteria down to "public interest" and "private interest" factors. *Hills v. Brinks, Inc.*, 2008 WL 243944 at * 4 (E.D.La. 1/25/08) (unpublished); *Stuyvesant v. U.S.*, 2007 WL 1931292 at * 2 (D.N.J. 6/29/07) (unpublished). The private factors (relative ease and access to sources of proof, availability of compulsory process to secure the attendance of witnesses, etc.) for the most part repeat the *Manuel* factors but in other form. *Hills,* 2008 WL 243944 at * 4. The public interest factors somewhat duplicate the *Manuel* factors, but there are some additions:

> (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. No one of these factors can be said to be of dispositive weight.

*Hills,* 2008 WL 243944 at * 4 (quotes and cite omitted), *quoted in Eagle North America, Inc. v. Tronox, LLC,* 2008 WL 1891475 (S.D.Ga. 4/29/08) (unpublished); *see also Matlock,* 2007 WL 4287601 at * 2.

Here the various factors tilt the case in both directions. As for keeping this case in Georgia, it is undisputed that the accident giving rise to this case occurred in Georgia and thus Georgia law must be applied. Doc. # 30 at 5-6; # 33 at 3. Also, the accident investigation witnesses live in Georgia, as do the immediate, post-accident health-care providers. Doc. # 30 at 5.

On the other hand, the non-corporate plaintiffs are from Maine (the parties are vague about Allstate's "residency"), doc. # 29 at 2; # 30 at 4-5, as well as some medical-damages witnesses (post-accident medical care provided to Harrington and the Wilsons reside in Maine, says the Government, doc. # 33 at 2, which reminds that only some $3,000 worth of the Wilsons' medical care was provided in Georgia, *id.*). Government employees who were involved in the subject accident hale from Pennsylvania, doc. # 30 at 5, which Wilson emphasizes "is only marginally closer to Maine than Savannah." *Id.*

No one has discussed the various other factors enumerated above (*e.g.,* the relative

means of the parties; the administrative difficulties flowing from court congestion; the local interest in having localized interests decided at home). Meanwhile, "unless the balance of factors is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Mamani v. Sanchez de Lozada Sanchez Bustamante*, ___ F.Supp.2d ___, 2008 WL 1752985 at * 2 (D.Md. 4/15/08) (quotes and cite omitted). Compared to other cases where § 1404(a)-venue motions have been granted, *see, e.g., Dulaney*, 472 F.Supp.2d at 1086-87 (convenience of parties and witnesses and interests of justice warranted transfer of FTCA-based, medical malpractice and negligence action from Southern District of Illinois to Eastern District of Missouri; incident giving rise to case occurred in Missouri district, and case would require the application of Missouri law), it cannot be said that the balance of the factors here strongly favor the defendant, especially since the accident occurred in Georgia, Georgia law applies, accident investigators reside in Georgia, a Maine jury would be asked to apply another state's law, and obviously the plaintiffs take no issue with the expense to themselves, let alone any perceived litigational inefficiency, in traveling to Georgia to litigate their cases.

## IV. CONCLUSION

The Government's motion (406CV285 doc. # 28) to transfer the above-captioned cases to Maine therefore is *DENIED*.

This _9_ day of May, 2008.

_/s/ B. Avant Edenfield_
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA